# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| RODNEY C. BOHANNON, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:06-CV-89 CAS |
| WAL-MART STORES, INC., | ) |
| Defendant. | ) |

## ORDER OF REMAND

This matter is before the Court following defendant's response to the Court's Order concerning removal and the amount in controversy. Plaintiff initially filed suit in the Circuit Court of Cape Girardeau, State of Missouri. This case arises out of an alleged trip and fall accident. Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

In removal cases, the district court reviews the complaint or petition pending at the time of removal, and not subsequent complaints or petitions, to determine the court's jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938); see Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). The district court may also look to the notice of removal to determine its jurisdiction. See, e.g., Jones & Laughlin Steel Corp. v. Johns-Manville Sales Corp., 626 F.2d 280, 282 n.1 (3d Cir. 1980). The defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. See In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir.1993).

In a case based upon this Court's diversity jurisdiction, the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). Federal courts are to

strictly construe the amount in controversy requirement, as the purpose underlying it is to limit the federal courts' diversity caseload. Snyder v. Harris, 394 U.S. 332, 339 (1969). Further, rather than allegations of each party's place of residence, there must be allegations of each party's place of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. 28 U.S.C. §§ 1332(a), (c)(1); see Sanders, 823 F.2d at 215 n.1. In the case of a removed action, diversity must exist both when the state petition is filed and when the petition for removal is filed. Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001) (citing 28 U.S.C. § 1447(e)).

In his petition plaintiff alleges that he was injured at defendant's place of business by tripping over a warped and bent steel plate sidewalk covering in front of defendant's place of business. Plaintiff further alleges that as a result of defendant's carelessness and negligence, he sustained "injuries to his knee, thigh, back, hip, and elbow; that he has suffered from emotional shock and since the accident has suffered from pain of body and anguish of body and mind; that the aforesaid injury is and will be permanent and progressive; Plaintiff has and will in the future incur expenses for medicine and medical care including hospitalization, doctor bills and nursing care all to his injury and damage." With respect to the amount in controversy, the petition seeks "fair and reasonable" damages.

In its removal notice, defendant asserts on "information and belief" that the amount in controversy exceeds the $75,000.00 jurisdictional amount. To meet its burden with regard to the jurisdictional amount, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. In re Minnesota Mut. Ins. Co. Sales Practices Litig., 346 F.3d 830, 836 (8th Cir. 2003). Specific facts or evidence are required to demonstrate that the jurisdictional amount is met. Hill v. Ford Motor Co., 324 F.Supp.2d 1028, 1036 (E.D. Mo. 2004).

In response to the court's order, defendant states that a fact finder could legally conclude that the amount of plaintiff's damages exceeds $75,000.00 and for this reason remand is state court is improper, citing Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002). Defendant further states that he inquired as to the amount of damages likely to be claimed, and counsel for plaintiff stated that the amount was already "between $40,000.00 and $60,000.00" and that counsel was at least at one time unwilling to stipulate to less than $75,000.00 in damages. The court notes that plaintiff had the opportunity to respond but did not do so.

The Court concludes that defendant has not met its burden with regard to the jurisdictional amount. The prayer in plaintiff's petition is for "fair and reasonable" damages. The petition does not contain a prayer for punitive damages which might reasonably be thought to raise the amount in controversy above the jurisdictional amount. Although defendant's counsel states that plaintiff's counsel stated that damages are between $40,000.00 and $60,000.00, the record contains no other sufficient basis on which to calculate the amount at issue. The Court disagrees with defendant that the nature of the alleged injuries described in the petition could theoretically establish the existence of the jurisdictional minimum. Moreover, defendant has done little to attempt to quantify the potential damages. Based on the above, the Court concludes that it lacks subject matter jurisdiction over this case and that remand is proper.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **REMANDED** to the Circuit Court of Cape Girardeau County, 32nd Judicial Circuit Court.

                                                             /s/ Charles A. Shaw
                                                          **CHARLES A. SHAW**
                                                          **UNITED STATES DISTRICT JUDGE**

Dated this 5th day of September, 2006.